## Commonwealth v. Long

*Paul E. Toohey, assistant district attorney,* for the Commonwealth.
*Paul R. Gettleman,* for defendant.

FRANKS, *J.,* March 21, 1991—Before the court is defendant's motion for arrest of judgment. For the reasons hereafter stated, the motion is denied.

## DISCUSSION

Defendant was convicted by a jury of the offense of false reports to law enforcement authorities, 18 Pa.C.S. §4906(a). That section entitled "Falsely Incriminating Another" states:

"A person who knowingly gives false information to any law enforcement officer with intent to implicate another commits a misdemeanor of the second degree."

In his motion defendant contends:

"(1) This court must arrest judgment on the conviction for filing false reports to a police officer in that at the time that the defendant gave a wrong name to the police officer who asked him for identification, he was not under arrest for any crime. There is no evidence and none was presented at trial that he implicated anyone else in any criminal behavior and he could not have implicated anyone in criminal behavior because he was not charged with a crime nor did he accuse anyone else of committing a crime."

In the case sub judice defendant was stopped by Uniontown Police Officers on September 14, 1989, for a routine traffic matter. Defendant told the police the Mercury automobile was "some guy's," and he did not know him. The police asked him his name and he gave the police an assumed name; to-wit, Miguel A. Garcia. He was taken to the Uniontown Police Station and after an incident there with Detective Ronald Machesky, was charged with aggravated assault. Again, defendant told the police his name was Miguel A. Garcia. As a result of his giving the police this false name, he was charged with the instant crime for which a jury found him guilty. The jury found him not guilty of the aggravated assault, the consolidated case at no. 968 of 1989.

Defense counsel in his brief states that by defendant's giving a false name, he was not attempting to implicate another in a crime because he was not charged with a crime. He further states, "In order to implicate another, one must have either to tell the police that someone else committed a crime that the actor was charged with committing or that someone else committed a crime in general."

Although neither counsel nor the court has found any case directly on point, we conclude that defendant was properly charged and convicted of the offense in this case. When defendant gave the police an assumed or false name, he implicated another person of the traffic violation as well as for the aggravated assault crime for which he was charged and tried.

We hold that whether the name given to law enforcement authorities was that of an actual or fictitious person makes no difference. The essence of the offense is an intentionally false or untruthful accusation with the intent to deceive law enforcement authorities into suspecting someone else, real or fictitious, to have committed a criminal offense. Defendant did just this.

Wherefore, we enter the following

### ORDER

And now, March 21, 1991, defendant's motion for arrest of judgment is ordered denied.